**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4897**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMIE LEE THORNE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:03-cr-00198)

Submitted: January 25, 2007       Decided: January 29, 2007

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jimmie Lee Thorne on two separate counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced to 30 months of imprisonment. On appeal, Thorne argues that the evidence was insufficient to sustain the jury's verdict on both counts. We affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of the defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in

- 2 -

the testimony in favor of the government.  <u>United States v. Romer</u>, 148 F.3d 359, 364 (4th Cir. 1998).

Elements required for conviction for possession of a firearm by a convicted felon are: (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received the firearm; and (3) the possession was in or affecting commerce.  <u>United States v. Moye</u>, 454 F.3d 390, 395 (4th Cir.), <u>cert. denied</u>, 127 S. Ct. 452 (2006). The only issue on appeal is whether there was sufficient evidence to find that  Thorne possessed the firearms in question.  We find that the evidence presented to the jury was sufficient to sustain the convictions.

We therefore affirm Thorne's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>